SUPREME COURT.

BOARD OF COMMISSIONERS OF EXCISE OF ALBANY COUNTY
agt. ELIAS CLASSON.

The form of the notice in the summons in an action to recover a penalty under the
"act to suppress intemperance, and to regulate the sale of intoxicating liquors,
passed April 16th, 1857," should be under the *first* subdivision of § 129 of the
Code, not under the second subdivision of that section.

*Albany Special Term, January*, 1859.

THE defendant moved to set aside the plaintiff's complaint
on the ground that it varied from the cause of action indicated
in the summons. The summons and complaint were as fol-
lows:

"*State of New - York, Supreme Court, Albany county.*—The
Board of Commissioners of Excise of the county of Albany,
plaintiff, against Elias Classon, defendant. To Elias Clas-
son, the above named defendant. You are hereby summoned
to answer the complaint of the Board of Commissioners of
Excise of the county of Albany, plaintiff in this action, a
copy of which is herewith served upon you, and to serve a copy
of your answer on me at my office, No. 74 State street, in the
city of Albany, within twenty days after the service hereof,
exclusive of the day of such service, and if you fail to answer
said complaint as hereby required, the plaintiff will take judg-
ment against you for the sum of one hundred dollars, besides
the costs of this action.

"Albany, December 16th, A.D. 1858.

"R. J. HILTON, *plaintiff's attorney*,
"City of Albany, N. Y."

"*State of New - York, Supreme Court, Albany county.*—The
Board of Commissioners of Excise of the County of Albany,
plaintiff, against Elias Classon, defendant. The Board of
Commissioners of Excise of the county of Albany, plaintiff,

complaining of Elias Classon, a resident of the city of Albany in the county of Albany, defendant in this action, shows:

"*First.* That as the plaintiff is informed and believes, the defendant, on the twenty-fourth day of November, A.D. 1858, at the city of Albany in the said county of Albany, sold to divers persons, strong and spirituous liquors and wines in quantities less than five gallons at a time, to wit: one gill of brandy, one gill of whiskey, one gill of rum, one gill of gin, one gill of cordial, one gill of wine, one pint of strong beer, one pint of ale, without having a license therefor, contrary to and in violation of the provisions of section thirteen of the act of the legislature of the state of New-York, entitled 'An act to suppress intemperance and to regulate the sale of intoxicating liquors, passed April 16th, 1857;' that by reason thereof the defendant became, and is indebted to the plaintiff in the penalty and sum of fifty dollars, according to the provisions of the thirteenth and twenty-second sections of the said act, and an action has accrued to the plaintiff to recover the same against the defendant.

"*Second.* And for a second and further cause of action, the said plaintiff shows: That as the plaintiff is informed and believes, the defendant, on or about the first day of December, A.D. 1858, at the city of Albany in the said county of Albany, sold to divers persons, strong and spirituous liquors and wines in quanties less than five gallons at a time, to wit: one gill of brandy, one gill of whiskey, one gill of rum, one gill of.gin, one gill of cordial, one gill of wine, one pint of strong beer, one pint of ale, without having a license therefor, contrary to and in violation of section thirteen of the act of the legislature of the state of New-York, entitled 'An act to suppress intemperance and to regulate the sale of intoxicating liquors, passed April 16th, 1857;' that by reason thereof the defendant became, and is indebted to the plaintiff in the further penalty and sum of fifty dollars, according to the provisions of the thirteenth and twenty-second sections of the said act, and an action has accrued to the plaintiff to recover the same against the defendant.

Board of Commissioners of Excise of Albany County agt. Classon.

" Wherefore the plaintiff demands judgment against the defendant for said several sums so due and owing plaintiff from said defendant, and amounting to the sum of one hundred dollars, with costs of this action.

" R. J. HILTON, <i>plaintiff's attorney,</i>

" No. 74 State street, Albany, N. Y."

" <i>City and county of Albany, ss :</i>—James D. Wasson, of the said city and county of Albany, being duly sworn, doth depose and say that he is one of the Board of Commissioners of Excise of the county of Albany, the plaintiff in this action ; that the foregoing complaint is true of his own knowledge, except as to the matters which are therein stated to be on information and belief, and as to those matters he believes it to be true.

" Subscribed and sworn to before me, this
17th day of December, A.D. 1858,

" JAMES D. WASSON.

" J. B. STURTEVANT, commissioner of deeds, &c., for city of Albany."

R. J. HILTON, <i>for plaintiffs.</i>

Preliminarily we say no appeal lies from the order of general term.

1. The action for a penalty is a civil action, and so was the action of debt on statute. (<i>Cowper,</i> 382 ; 2 <i>Chitty's Pl.</i> 384, 501.)

2. This class of actions, under the Code, is still for a sum of money, which, by force of the statute, the defendant is bound to pay, and this action is for the recovery of a specific sum of money and nothing else. (<i>Vide Session Laws of</i> 1857, <i>chapter</i> 628, §§ 13, 22.)

3. The summons is properly framed, under the 1st subdivision of section 129 of Code, and is in conformity to the decisions of the supreme court (in 2d District), and was prepared accordingly, and the order at special term should be affirmed, with costs. (8 <i>How. Pr. R.</i> 431 ; 5 <i>Abbott,</i> 384 ; <i>same case on</i>

*appeal*, 6 *Abbott*, 343; 4 *Seld.* 438; 16 *How. Pr. R.* 289; 9 *Barb.* 498—*as to respect that decisions at general term should receive in other districts.*)

THOMAS SMITH, *defendant's attorney, for the motion.*

GOULD, Justice. That the action for a penalty is a *civil* action, is very fully reasoned, and very clearly shown (as well as directly decided), in the case of *Atcheson* agt. *Everitt* (*Cowper*, 382).

Its common law form was not *on the case ex delicto*, but *debt on statute;* stating that the defendant " *owes* to, and detains from the plaintiff," $100 or whatever sum. And, in the subsequent part of the pleading, that " defendant *is indebted* to plaintiffs by force of the statute." (2 *Chitty's Pl.* 384, 501.)

It was never classed among actions *ex delicto;* but always among those *ex contractu;* on the ground that from an indebtedness the *law implies* a promise to pay. And at common law there was *no other* form of action for such a case.

The Code, in abolishing *forms*, has not abolished *principles;* and this action is still for a *fixed sum of money*, which, by force of the statute, the *defendant is bound to pay* to plaintiffs. And the action is for the recovery of money only, and for a specified sum—a sum certain—one penalty of $50 in each count; the two amounting to $100, as much, and as precisely as if *two notes* (of $50 each) were sued on.

What should the summons state? that plaintiffs will apply to the court for the relief demanded in the complaint, when that relief is a judgment for just so much money so due. In common sense, the summons and complaint before me answer all the purposes of a summons and complaint; they contain all the information the defendant can need to apprise him of the precise cause of action, and all the facts a clerk of the court could require, to enter the judgment (in case of default), for the exact amount; and there is no reason in the cases, or out of them, why the court should be troubled with the mere farce of a special application for relief.

Besides, I see not how the case fails to come completely within § 176 of the Code; since, if there be, in the summons or complaint, error or defect (as claimed by the defence), it cannot affect " *the substantial rights* " of the defendants, and the court must, *in every stage of the action,* disregard *such* error or defect.

Further, the decisions in 5 *Abbott,* 384, *and* 6 *Abbott,* 343, are precisely in point, and I am disposed to acquiesce in them.

The motion to set aside the complaint must be denied, with $10 costs of motion.

*At General Term, Albany, March,* 1859.
*Present,* HARRIS, GOULD *and* HOGEBOOM, *Justices.*

After argument on the appeal from the order above made at special term, said order was unanimously affirmed; and the court directed the opinion given at special term to be published as the opinion of the court.